Michele Floyd (SBN 163031)
MFloyd@Mintz.com
Robert Sturtevant Eaton (SBN 240761)
REaton@Mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
5 Palo Alto Square, 6th Floor
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 251-7700
Facsimile: (650) 251-7739

Attorneys for Defendants,
JON VINCENT and KEEPCASH LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| MICHAEL BRIM, an individual and BF ADS, a Nevada LLC,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JON VINCENT, an individual and BLACKFRIDAY.NET, an unknown business entity, Black-Friday.net an unknown business entity, BlackFriday info, and unknown business entity, Keepcash.com, an unknown business entity, and Keepcash LLC a business entity, and DOES 1-XX, inclusive,<br><br>　　　　Defendants. | Case No. CV10-05341 PJH<br><br>**DEFENDANTS JON VINCENT AND KEEPCASH LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' 1ST AMENDED COMPLAINT**<br><br>Hearing Date:　March 30, 2011<br>Hearing Time:　9:00 a.m.<br>Courtroom No.:　3, 3rd Floor<br><br>The Honorable Phyllis J. Hamilton<br><br>Complaint Filed: November 24, 2010<br>Trial Date: None |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE THAT on March 30, 2011, at 9:00 a.m., or as soon thereafter as
3  the matter may be heard in Courtroom 3, 3rd Floor of the United States District Court for the
4  Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, California
5  94612, Defendants Jon Vincent and KeepCash LLC ("Defendants") will move pursuant to Federal
6  Rule of Civil Procedure 12(b)(6) and applicable case law for an order dismissing with prejudice
7  Plaintiffs Michael Brim and BF Ads' ("Plaintiffs") First Amended Complaint for copyright
8  infringement, and tortious interference with prospective business advantage ("Complaint") .

9  Defendants make this Motion on the grounds that: (i)  Plaintiffs have not alleged a copyright
10 registration and thus have no standing to pursue copyright claims;  (ii) Plaintiffs have not otherwise
11 pleaded sufficient facts to support their claim for copyright infringement; and (iii) Plaintiffs have
12 not pleaded sufficient facts to support their claim for tortious interference with prospective business
13 advantage.

14 This Motion is based upon this Notice of Motion, the Memorandum of Points and
15 Authorities in Support of Motion, Plaintiffs' Complaint. (*See* Dkt. No. 1), as well as any further
16 materials, evidence or arguments to be presented either at or before the hearing on this Motion, and
17 any other materials or evidence the Court deems proper, along with the papers, records, and
18 pleadings on file herein and on such other and further matters as may be presented at the hearing on
19 this Motion.

20 Dated:  February  17, 2011          Respectfully submitted,

21                                     MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

22
                                       /s/ Michele Floyd
23                                     By:  MICHELE FLOYD
                                            ROBERT STURTEVANT EATON
24
25                                          Attorneys for Defendants,
                                            JON VINCENT and KEEPCASH LLC
26
27
28
- 1 -

DEFENDANTS JON VINCENT AND KEEPCASH LLC'S NOTICE OF MOTION TO DISMISS
PLAINTIFFS' 1ST AMENDED COMPLAINT                                  Case No. CV10-05341 PJH

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF ISSUES TO BE DECIDED

This Motion raises the following issues:

(1) <u>Copyright Infringement</u>: Whether Plaintiffs have standing absent allegations of copyright registration to pursue their claim and if so, whether Plaintiffs identified adequately the allegedly copyrighted materials and whether they have pleaded adequately the necessary element of ownership.

(2) <u>Tortious Interference with Prospective Economic Advantage</u>: Whether Plaintiffs' state law claim for tortious interference is preempted by the Copyright Act, and, if not, whether Plaintiffs have identified with sufficient specificity the prospective economic advantages that the challenged conduct allegedly interfered with and whether Plaintiffs have pleaded adequately the essential element of independently wrongful conduct.

## II. INTRODUCTION

Plaintiffs Michael Brim and BF Ads (referred to collectively as "Plaintiffs") sued their competitors, defendants Jon Vincent and KeepCash, LLC (referred to collectively as "Defendants"), for copyright infringement and tortious interference with prospective business advantage. The First Amended Complaint ("Complaint"), however, states no cause of action. The Complaint is approximately two and a half pages long and contains only 15 paragraphs, five of which are devoted to identifying the parties. There are no real jurisdictional allegations and no venue allegations. Factually, the Complaint is more than sparse, failing to plead a copyright registration and failing to identify the copyrighted materials allegedly infringed or the business opportunities allegedly lost. While Federal Rule of Civil Procedure 8 requires a short and plain statement of the case, this Complaint is so short that it fails to allege the most basic elements of the claims for relief asserted. Accordingly, the Complaint should be dismissed.

## III. STATEMENT OF FACTS

The following facts are taken from the allegations of the Complaint and are assumed true for purposes of this Motion only.

Plaintiffs operate a website, BFAds.net, that promotes the "Black Friday" sales of various

1  retailers.  Complaint ("Cpt.") ¶ 6.  While Plaintiffs fail to allege it, defendant KeepCash, LLC
2  operated a competing website that also promoted "Black-Friday" sales.  The websites list those
3  retailers who are having sales on Black Friday and provide a link to the retailer's website.
4  Plaintiffs' copyright infringement claims appear to be based on two separate instances of "copying."
5  First, Plaintiffs allege that on November 26, 2009, defendant KeepCash, LLC used undefined
6  "images" that Plaintiffs "created" for their website in violation of the copyright laws.  Cpt. ¶¶ 7, 8.
7  Plaintiffs also allege that Defendants were "reproducing promotional emails sent by Plaintiff to it's
8  [sic] prior customers and using those emails to promote Defendant's website."  Cpt. ¶ 9.  Neither
9  the allegedly copied images nor the text of the allegedly copied promotional emails are included or
10 described in the Complaint.

11         There is nothing more alleged in the Complaint.  The claim for relief for copyright
12 infringement consists of five lines of text, stating rotely that "by continuously reproducing and
13 publishing Plaintiff's work, Defendant has and continues to infringe on Plaintiffs [sic] copyright
14 and has thereby been engaging in unfair trade practices and unfair competition to Plaintiff's
15 irreparable damage."  Cpt. ¶ 12.  Notably, Plaintiffs do not allege that they have a valid copyright
16 registration either pending or issued.  The tortious interference claim is no more telling.  Aside from
17 the sentence incorporating by reference the preceding copyright infringement allegations, the three
18 lines of text of which this claim is comprised state: "as a proximate result of the Defendants actions
19 plaintiff has suffered a loss of business and revenue in an amount to be determined according to
20 proof.  Plaintiff will amend this complaint to state the true amount of damages when they become
21 known."  Cpt. ¶15.

22         Clearly, Plaintiffs fail to allege facts sufficient to state a claim.  They fail to allege facts
23 necessary to support the existence of a copyright, including the required element of compliance with
24 the registration requirements of 17 U.S.C. § 411(a), and fail to identify the alleged infringed images
25 and text.  The tortious interference claim, being based solely on alleged copyright infringement, is
26 preempted by the Copyright Act.  Accordingly, the Complaint must be dismissed.
27 / / /
28 / / /

IV.   ARGUMENT

   A.   **Plaintiffs Failed to Allege Facts Sufficient to State a Plausible Claim for Either Copyright Infringement or Tortious Interference**

Federal Rule of Civil Procedure 8 requires only a short and plain statement of the case.  Fed. R. Civ. Proc. 8(a)(1).  A plaintiff's statement of the case, however, can be too short and too plain.  The allegations of a complaint must give the defendant fair notice of a legally cognizable claim and the factual ground upon which it rests.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  Thus, when a plaintiff fails to plead facts sufficient to support a cognizable legal claim, the complaint must be dismissed pursuant to Rule 12(b)(6).  Fed. R. Civ. Proc 12(b)(6); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1990).  The standard for pleading a cognizable claim is settled:  the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level" and must be sufficient to push the claims "across the line from conceivable to plausible[.]"  *Bell Atl. Corp.*, 550 U.S. 544, 556, 557(2007); *see, Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937 (2009)(quoting *Twombly* at 557).

Even accepting the few factual allegations as true, as the Court here must, the Complaint fails to state facts sufficient to put Defendants on notice of the claim.  Not all copying violates the Copyright Act.  In order to state a claim for copyright infringement, Plaintiffs must, as a threshold matter, plead and prove that they registered their copyrighted materials.  There are no such allegations here.  And, Plaintiffs have not otherwise even attempted to describe with any particularity the allegedly copyrighted materials, let alone with particularity sufficient to identify them.  Thus the Complaint does not put Defendants on notice of what "images" are at issue.  And, the bare-boned tortious interference claim appears to be premised solely on the alleged copyright infringement.  Accordingly, it is therefore preempted by the Copyright Act.  Even after accepting the few factual allegations as true and drawing all inferences in Plaintiffs' favor, the Complaint fails to state any claim, let alone cross the line from "conceivable to plausible."  The Complaint must be dismissed.

   B.   **The Copyright Claim Fails as a Matter of Law**

Claims of copyright infringement are governed by the federal Copyright Act of 1976, 17

- 3 -

1  U.S.C. §§ 101, et seq. (the "Copyright Act").  The Copyright Act protects "original works of

2  authorship fixed in any tangible medium of expression," including "pictorial, graphic, and

3  sculptural works."  17 U.S.C. §102a (5).  The *sine qua non* of a copyright is ownership and

4  originality; that is, "that the work was independently created by the author (as opposed to copied

5  from other works), and that it possesses at least some minimal degree of creativity."  *Feist Publ'ns,*

6  *Inc. v. Rural Tel. Serv. Co., Inc*., 499 U.S. 340, 345(1991).  Thus, not all copying violates the

7  Copyright Act.  In order to state a claim under the Copyright Act, Plaintiffs must allege three

8  elements: (1) that they have complied with the registration requirements of the copyright act; (2)

9  that they own a valid copyright; and (3) that defendants violated an exclusive right that is protected

10 by the Copyright Act. 17 U.S.C. § 411(a) ("no civil action for infringement of the copyright in the in

11 any United States work shall be instituted unless a registration or preregistration of the copyright

12 claim shall have been made"); *see also Feist* at 361; *DocMAGIC, Inc. v. Willie Mae, Inc.,* ---

13 F.Supp.2d ---, 2010 WL 3987495, *13, *17 (N.D. Cal. 2010), *citing, Entm't Research Grp., Inc. v.*

14 *Genisis Creative Corp., Inc*., 122 F.3d 1211, 1217 (9th Cir. 1997).

15     The element of ownership is shown by pointing to a valid or pending copyright registration,

16 and a valid or pending registration is a required element of a copyright claim.  17 U.S.C. § 411(a);

17 *see Cosmetic Idea, Inc. v. IAC/Interactivecorp,* 606 F.3d 612, 615-16, 621 (9th Cir. 2001)(holding

18 that the registration requirement is a "necessary element" of an infringement claim and that such

19 requirement is satisfied by submitting complete copyright application to the Copyright Office ).

20 Plaintiffs nowhere allege that their copyright(s) are registered with the Copyright Office or that they

21 have submitted a completed copyright application to the Copyright Office.  Accordingly, the claim

22 must be dismissed.

23     The lack of registration is not the only reason the copyright claim fails. A copyright plaintiff

24 must identify the copyrighted material at issue. *See, Four Navy Seals v. Associated Press,* 413

25 F.Supp.2d 1136, 1148 (S.D. Cal. 2005)(holding that plaintiffs' assertion that one out of 1800 photos

26 was copyrighted by unidentified Navy seal and distributed by defendants was insufficient to put

27 defendants or the court on sufficient notice of the copyright claim). Plaintiffs' Complaint, however,

28 nowhere satisfies this basic requirement.  Plaintiffs do not the "images" or the email content of

- 4 -

which they complain. The Complaint's general references to "images for each retailer" and "promotional emails" is not enough to satisfy even the liberal standards of Federal Rule of Civil Procedure 8.  *See*, Cpt. ¶¶ 7, 9.

### C. The Tortious Interference Claim Fails as a Matter of Law

#### 1. Tortious Interference with Prospective Economic Advantage is Preempted by the Copyright Act

It is settled that the Copyright Act preempts all state laws that confer rights that are equivalent to the exclusive rights of copyright: reproduction, distribution, public display, public performance, and creation of derivative works.  17 U.S.C. § 301(a).  Two conditions must be satisfied for the Copyright Act to preempt state law: (1) " 'the content of the protected right must fall within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103;' " and (2) " 'the right asserted under state law must be equivalent to the exclusive rights contained in section 106 of the Copyright Act.' " *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1150 (9th Cir.2008)(quoting *Downing & Abercrombie & Fitch,* 265 F.3d 994, 1003 (9th Cir.2001)).

In order to survive preemption, the state law cause of action must protect rights that are qualitatively different from rights granted by the Copyright Act. Stated differently, the state law claim must involve an extra element sufficient to change the nature of the action.  *Laws v. Sony Music Entm't, Inc*., 448 F.3d 1134, 1143 (9th Cir.2006)(quoting *Del Madera Props. v. Rhodes & Gardner,* 820 F.2d 973 (9th Cir.1987)(overruled on other grounds)).  Claims that are based solely on alleged infringement must be adjudicated under the Copyright Act—they simply cannot be repackaged as state law claims.

Plaintiffs' tortious interference with prospective economic advantage claim is clearly preempted.  While the pleadings are sparse, the claim appears to be premised solely on the alleged acts of copying –indeed no other conduct is alleged in the Complaint.  *See* Cpt. ¶¶ 8-10 (describing Defendants' acts of copying).  The claim expressly incorporates the copyright infringement claim and adds nothing further.  Cpt. ¶ 14 (incorporating copyright claim); ¶ 15(alleging plaintiff has suffered "a loss of business and revenue" as proximate result of defendants' actions).  Because the alleged wrongful acts (copying the image and email content) and the resulting alleged damages are

- 5 -

1 premised solely on the exclusive rights embodied in the Copyright Act, the common law claim is
2 preempted and must be dismissed. *See Idema v. Dreamworks, Inc.,* 162 F. Supp. 2d 1129, 1193
3 (C.D. Cal. 2001)(holding Intentional Interference with a Prospective Economic Advantage
4 preempted because "the alleged encroachment on ones exclusive right to profit from ones sale or
5 reproduction of original work(s) of authorship" did not protect any right "qualitatively different"
6 from the rights protected by copyright.); *see also, Motown Record Corp. v. George A. Hormel &*
7 *Co*., 657 F. Supp. 1236, 1240 (C.D.Cal. 1987)(preempting intentional and negligent interference
8 with prospective business advantage claims).

### 2. Even if Not Preempted, Plaintiffs Have Failed to Allege the Essential Elements of the Tort

Even if the tortious interference claim somehow escapes preemption, which is impossible on the current pleading, it still fails because Plaintiffs have failed to allege the essential elements of the tort. The elements of intentional interference with prospective economic advantage are: (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional [wrongful] acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant. *Korea Supply Co. v. Lockheed Martin Corp*,. 29 Cal. 4th 1134, 1154 (2003). It is well settled that in order to satisfy the third element, a plaintiff must allege that the conduct alleged to constitute the interference was independently wrongful, i.e., unlawful for reasons other than that it interfered with a prospective economic advantage. *Korea Supply* at 1158-1159.

Plaintiffs have failed to satisfy this element. To the extent that the "independently wrongful conduct" on which they intend to rely is a violation of the Copyright Act, the claim is preempted as discussed above. And, there are no other facts alleged that give rise even to an inference of any other independently wrongful conduct. Accordingly, Plaintiffs have failed to state a claim on this ground alone.

Plaintiffs have also failed to allege adequately an existing economic relationship with a third party. It is settled that to state a claim, the plaintiffs must identify a particular third party and the

- 6 -

1  economic loss attributed to the conduct.  Amorphous allegations of lost opportunity are not
2  sufficient.  *See Passport Health Inc. v. Travel Med., Inc*., 2009 WL 3824743 (E.D. Cal.
3  2009)(holding "'[a]llegations that amount to a mere hope for an economic relationship and a desire
4  for future benefit are inadequate to satisfy the pleading requirements of the first element of the
5  tort.'")(*citing Google Inc. v. American Blind & Wallpaper Factory, Inc*., 2005 WL 832398, at *8
6  (N.D.Cal. Mar.30, 2005) (dismissing claim for intentional interference with prospective business
7  advantage because relationship with "repeat customers" was too speculative and did not "rise to the
8  level of the requisite promise of future economic advantage")).

9      Here, Plaintiffs allege only that Defendants were "taking images from BFAds.net and using
10 those images on Defendants website."  Cpt. ¶ 8.  Plaintiffs do not identify a particular lost customer.
11 They do not allege that a continuing business relationship was jeopardized.  Instead, Plaintiffs
12 allege only that they suffered a general "loss of business and revenue."  Cpt. ¶ 15.  It is settled that
13 general allegations such as these is insufficient to state a claim.  *See UAV Corp*., 517 F. 3d at
14 1151(dismissing tortious interference claim where complaint alleged in conclusory manner that
15 plaintiff "has been harmed because its ongoing business and economic relationships with Customers
16 have been disrupted); *Silicon Knights, Inc. v. Crystal Dynamics, Inc*., 983 F. Supp. 1303, 1313
17 (N.D.Cal.1997) (finding the pleadings insufficient where the complaint alleged only that the
18 misrepresentations induced distributors not to deal with plaintiffs without providing facts alleging
19 an actual disruption to negotiations or potential contracts).

20 **V.    CONCLUSION**

21     Based on the foregoing law and argument, Defendants respectfully request that the Court
22 grant their motion to dismiss.  Plaintiffs have failed to allege facts sufficient to state any claim.
23 Thus, the Complaint fails as a matter of law.

24 Dated:  February 17, 2011    Respectfully submitted,
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

25

26 /s/ Michele Floyd
By:   MICHELE FLOYD
        ROBERT STURTEVANT EATON

27 Attorneys for Defendants,
JON VINCENT and KEEPCASH LLC

28

- 7 -

DEFENDANTS JON VINCENT AND KEEPCASH LLC'S MOTION TO DISMISS PLAINTIFFS' 1ST AMENDED COMPLAINT    Case No. CV10-05341 PJH

# CERTIFICATE OF SERVICE

I, MICHELE FLOYD, Esq. hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to any indicated as non-registered participants on the date of filing.

                /s/  Michele Floyd